MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FEDERSON DE JESUS, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| CHINA CITY OF EAST 188TH STREET<br>INC. (D/B/A CHINA CITY RESTAURANT),<br>YOUYI HE, and XIAO YING HUANG, |  |
| Defendants. | **ECF Case** |

-------------------------------------------------------X

Plaintiff Federson De Jesus ("Plaintiff De Jesus" or "Mr. De Jesus"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against China City of East 188th Street Inc. (d/b/a

China City Restaurant), ("Defendant Corporation"), Youyi He and  Xiao Ying Huang, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff De Jesus is a former employee of Defendants China City of East 188th Street

Inc. (d/b/a China City Restaurant), Youyi He, and Xiao Ying Huang.

2.       Defendants own, operate, or control a Chinese Restaurant, located at 308 East 188th

Street, Bronx, New York 10458-5402 under the name "China City Restaurant".

3.      Upon information and belief, individual Defendants Youyi He and Xiao Ying Huang, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff De Jesus was an employee of Defendants.

5.      Plaintiff De Jesus was employed as  a delivery worker at the restaurant located at 308 East 188th Street, Bronx, New York 10458-5402.

6.      Plaintiff De Jesus was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cleaning the floors, washing the dishes, preparing the foods to be cooked, preparing the wings, stocking deliveries when they arrived, taking out the garbage, twisting and tying up cardboard boxes and cleaning up a very large oven for cooking meat. (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff De Jesus worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

8.      Rather, Defendants failed to pay Plaintiff De Jesus appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff De Jesus the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Defendants employed and accounted for Plaintiff De Jesus as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff De Jesus at a rate that was lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff De Jesus's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff De Jesus's actual duties in payroll records by designating them as a delivery worker instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff De Jesus at the minimum wage rate and enabled them to pay him at the lower tip-credit rate (which they still failed to do).

14.     Defendants' conduct extended beyond Plaintiff De Jesus to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Jesus and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff De Jesus now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff De Jesus seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff De Jesus's state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Chinese Restaurant located in this district. Further, Plaintiff De Jesus was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.    Plaintiff Federson De Jesus ("Plaintiff De Jesus" or "Mr. De Jesus") is an adult individual residing in Bronx County, New York.

21.    Plaintiff De Jesus was employed by Defendants at China City Restaurant from approximately June 2014 until on or about April 10, 2018.

22.    Plaintiff De Jesus consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants own, operate, or control a Chinese Restaurant, located at 308 East 188th Street, Bronx, New York 10458-5402 under the name "China City Restaurant".

24.     Upon information and belief, China City of East 188th Street Inc. (d/b/a China City Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 308 East 188th Street, Bronx, New York 10458-5402.

25.     Defendant Youyi He is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Youyi He is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Youyi He possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff De Jesus, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Xiao Ying Huang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Xiao Ying Huang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Xiao Ying Huang possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff De Jesus,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate a Chinese Restaurant  located in the West Bronx section of Bronx in New York.

28.     Individual Defendants, Youyi He and Xiao Ying Huang, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff De Jesus's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff De Jesus, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff De Jesus (and all similarly situated employees) and are Plaintiff De Jesus's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff De Jesus and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants Youyi He and Xiao Ying Huang operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff De Jesus's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff De Jesus, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff De Jesus's services.

35.     In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of  New York.

*Individual Plaintiff*

37.     Plaintiff De Jesus is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above. Plaintiff De Jesus seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Federson De Jesus*

38.     Plaintiff De Jesus was employed by Defendants from approximately June 2014  until on or about April 10, 2018.

39.     Defendants ostensibly employed Plaintiff De Jesus as a delivery worker.

40.     However, Plaintiff De Jesus was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.     Although Plaintiff De Jesus ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.     Plaintiff De Jesus regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff De Jesus's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff De Jesus regularly worked in excess of 40 hours per week.

45.     From approximately June 2014 until December 18, 2014, from approximately March 2015 until on or about December 13, 2017 and then from approximately February 18, 2018 until or about March 15, 2018, Plaintiff De Jesus worked as a delivery worker from approximately 11:00 a.m. until on or about 11:00 p.m., Sundays, Mondays and Wednesdays and from approximately 11:00 a.m. until on or about 12:00 a.m., Fridays and Saturdays (typically 59 hours per week).

46.     From approximately March 16, 2018 until on or about April 10, 2018, Plaintiff De Jesus worked as a delivery worker from approximately 11:00 a.m. until on or about 7:00 p.m., Wednesdays through Mondays (typically 48 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff De Jesus his wages in cash.

48.     Throughout all of his periods of employment, Defendants paid Plaintiff De Jesus $5.00 per hour.

49.     Plaintiff De Jesus's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.     For example, Defendants required Plaintiff De Jesus to work an additional 1 hour past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

51.     Defendants never granted Plaintiff De Jesus any breaks or meal periods of any kind.

52.     Plaintiff De Jesus was never notified by Defendants that his tips were being included as an offset for wages.

53.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff De Jesus's wages.

54.     Plaintiff De Jesus was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     However, Plaintiff De Jesus did see sheets of paper that allegedly had his scheduled hours of work.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff De Jesus regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff De Jesus an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff De Jesus, in English and in Spanish (Plaintiff De Jesus's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff De Jesus to purchase "tools of the trade" with his own funds—including three bicycles and three locks.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Jesus (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61.     Plaintiff De Jesus was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.     Defendants' pay practices resulted in Plaintiff De Jesus not receiving payment for all his hours worked, and resulting in Plaintiff De Jesus's effective rate of pay falling below the required minimum wage rate.

63.     Defendants habitually required Plaintiff De Jesus to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

64.     Defendants required Plaintiff De Jesus and all delivery workers to perform general non-tipped tasks in addition to their primary duties as a delivery worker.  Plaintiff De Jesus and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

65.      Plaintiff De Jesus and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

66.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff De Jesus's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

67.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

68.     Plaintiff De Jesus's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

69.     In violation of federal and state law as codified above, Defendants classified Plaintiff De Jesus and other tipped workers as tipped employees, and paid them at a rate that was lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

70.     Defendants failed to inform Plaintiff De Jesus who received tips that Defendants intended to take a deduction against Plaintiff De Jesus's earned wages for tip income, as required by the NYLL before any deduction may be taken.

71.     Defendants failed to inform Plaintiff De Jesus who received tips, that his tips were being credited towards the payment of the minimum wage.

72.     Defendants failed to maintain a record of tips earned by Plaintiff De Jesus who worked as a delivery worker for the tips he received.

73.     Plaintiff De Jesus was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

74.     Plaintiff De Jesus was paid his wages in cash.

75.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff De Jesus (and similarly situated individuals) worked, and to avoid paying Plaintiff De Jesus properly for his full hours worked.

77.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff De Jesus and other similarly situated former workers.

79.     Defendants failed to provide Plaintiff  De Jesus and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.     Defendants failed to provide Plaintiff De Jesus and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

81.     Plaintiff De Jesus brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

82.    At all relevant times, Plaintiff De Jesus and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA required by the FLSA.

83.    The claims of Plaintiff De Jesus stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

84.    Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

85.    At all times relevant to this action, Defendants were Plaintiff De Jesus's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff De Jesus (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

86.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88.     Defendants failed to pay Plaintiff De Jesus (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89.     Defendants' failure to pay Plaintiff De Jesus (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff De Jesus (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

91.     Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff De Jesus (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93.     Defendants' failure to pay Plaintiff De Jesus (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff De Jesus (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95.     Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff De Jesus's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff De Jesus, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

97.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff De Jesus less than the minimum wage.

98.     Defendants' failure to pay Plaintiff De Jesus the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.     Plaintiff De Jesus was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

100.     Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff De Jesus overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.     Defendants' failure to pay Plaintiff De Jesus overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff De Jesus was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

**OF THE NEW YORK COMMISSIONER OF LABOR**

104.    Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants failed to pay Plaintiff De Jesus one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff De Jesus's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

106.    Defendants' failure to pay Plaintiff De Jesus an additional hour's pay for each day Plaintiff De Jesus's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

107.    Plaintiff De Jesus was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

108.    Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants failed to provide Plaintiff De Jesus with a written notice, in English and in Spanish (Plaintiff De Jesus's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

110.    Defendants are liable to Plaintiff De Jesus in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

111.    Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

112.    With each payment of wages, Defendants failed to provide Plaintiff De Jesus with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

113.    Defendants are liable to Plaintiff De Jesus in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

114.    Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants required Plaintiff De Jesus to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

116.    Plaintiff De Jesus was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff De Jesus respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Jesus and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Jesus and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff De Jesus and the FLSA Class members;

(e)     Awarding Plaintiff De Jesus and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff De Jesus and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Jesus;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Jesus;

(i)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff De Jesus;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff De Jesus's  compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order were willful as to Plaintiff De Jesus;

(l)      Awarding Plaintiff De Jesus damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)      Awarding Plaintiff De Jesus liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiff De Jesus and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff De Jesus and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff De Jesus demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

      April 27, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 20, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Federson De Jesus

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          20 de abril de 2018

*Certified as a minority-owned business in the State of New York*