# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

July 29, 2019

**VIA ECF**

Hon. Katharine Parker  
United States Magistrate Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

                  **Re:**    De Jesus et al v. China City of East 188th Street Inc. et al  
                              18-cv-3734

Your Honor:

      This office represents Plaintiff Federson de Jesus ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and China City of East 188th Street Inc. (D/B/A China City Restaurant), ("Defendant Corporation"), Youyi He, and Xiao Ying Huang, ("Individual Defendants"), (collectively, "Defendants"), and together with Plaintiff, the "Settling Parties").

      The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before Your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Settling Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, the settlement is nevertheless fair, as discussed herein.

**Background**

      Plaintiff worked at a Chinese restaurant called China City Restaurant as a delivery worker from approximately June 2014 until on or about April 10, 2018. From approximately June 2014 until on or about December 18, 2014, from approximately March 2015 until on or about December 13, 2017, and then from approximately February 18, 2018 until on or about March 15, 2018, Plaintiff worked approximately 59 hours per week. From approximately March 16, 2018 until on or about April 10, 2018, Plaintiff worked approximately 48 hours per week. Throughout his employment, Plaintiff was paid his wages in cash. Throughout his employment, Defendants paid Plaintiff $5.00 per hour.

      Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies.

Hon. Katharine Parker
July 29, 2019
Page 2 of 5

Nevertheless, the parties agreed on the settlement amount of $30,000 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $30,000.00 which will be paid as outlined in **Exhibit A**. Plaintiff alleges he is entitled to back wages of approximately $55,505.00. Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $155,521.63, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The parties have agreed to settle this action for the total sum of $30,000. Plaintiff acknowledges that Defendants maintained records in this case that present issues of fact that would imperil a potential recovery.

A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid as described in the accompanying Settlement Agreement.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc.*,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The Thirty Thousand Dollars ($30,000.00) that Plaintiff will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. It also accounts for the risks of trial. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

**Plaintiff's Attorneys' Fees are Fair and Reasonable**

Hon. Katharine Parker
July 29, 2019
Page 3 of 5

Under the settlement, Plaintiffs' counsel will receive $10,266.67, representing litigation costs plus one third of the remaining settlement amount. This amount is less than double their lodestar amount.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Sara Isaacson was an associate at Michael Faillace & Associates, P.C. from May 2017 through February 2019. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. During her employment at Michael Faillace & Associates, P.C., she was responsible for all aspects of the firm's employment docket in federal court.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

Hon. Katharine Parker
July 29, 2019
Page 4 of 5

 

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.

**<u>Conclusion</u>**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of his client.  Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

        Respectfully Submitted,

        <u>/s/ Michael Faillace</u>
        Michael Faillace, Esq.
        Michael Faillace & Associates, P.C.
        *Attorneys for Plaintiff*

cc:    Richard Qu, Esq. (via ECF)
       *Attorney for Defendants*